# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EDWARD FRANK BREWER and ROSINA ORLANTHA RHODES, Defendants. | No. CR08-0067 ORDER TO SEVER TRIAL |

On the 29th day of December 2008, this matter came on for hearing on the Motion to Sever (Conditional) (docket number 45) filed by Defendant Rosina Orlantha Rhodes on December 16, 2008, and the Motion to Sever Defendants (docket number 48) filed by the Government on December 17, 2008.[1] The Government was represented by Assistant United States Attorney Stephanie M. Rose. Defendant Edward Frank Brewer was present and represented by his attorney, Leslie E. Stokke. Defendant Rosina Orlantha Rhodes was also present and represented by her attorney, Webb L. Wassmer.

## I. PROCEDURAL HISTORY

On October 21, 2008, Edward Frank Brewer was charged by Indictment (docket number 1) with three counts of distribution of crack cocaine and one count of possession with intent to distribute crack cocaine. Brewer entered a plea of not guilty and trial was scheduled for December 22, 2008.

On November 18, 2008, a grand jury returned a Superseding Indictment (docket number 13) adding Rosina Orlantha Rhodes as an additional Defendant. A new Count 1

---

[1] Because a motion to sever is not dispositive of an action, a magistrate judge may hear and determine the motion, subject to reconsideration by a district judge upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

1

was added, charging Brewer and Rhodes with conspiracy to distribute crack cocaine. Trial is scheduled for January 20, 2009. On Brewer's uncontested motion to continue, his trial was rescheduled for the same date.

On December 16, 2008, Rhodes filed the instant conditional motion to sever. Rhodes asks that "in the event that her Motion to Suppress is granted," that the Court sever her trial from the trial of co-Defendant Brewer.[2] The next day, the Government filed a motion to sever citing *Bruton* concerns. Rhodes does not resist the Government's motion to sever.[3] Brewer asks that both motions to sever be denied.

## II. RELEVANT FACTS

Brewer is charged with three counts of distribution of crack cocaine (Counts 2, 3, and 4 of the Superseding Indictment) and one count of possession with intent to distribute crack cocaine (Count 5). In addition, both Brewer and Rhodes are charged with conspiracy to distribute 50 grams or more of crack cocaine (Count 1). The facts underlying the charges were detailed by the Court in its Report and Recommendation on Defendants' motions to suppress, and will not be repeated here. *See* Report and Recommendation (docket number 61) at 3-9.

Of particular importance to the instant motions are statements made by Rhodes on October 9, 2008. While being interrogated following her arrest, Rhodes denied that she sold drugs, but admitted that she had been with Brewer on approximately five occasions when she knew him to be selling drugs. Rhodes described two instances during the two weeks prior to her arrest when she drove Brewer to locations in Cedar Rapids, knowing that he intended to sell crack cocaine. Rhodes also admitted driving Brewer to the Lindale Mall to conduct a crack cocaine transaction. Rhodes told officers that she drove Brewer to the location where crack cocaine had been left in a cup and observed Brewer pick up

---

[2] The undersigned Magistrate Judge has filed a Report and Recommendation (docket number 61), recommending that the District Court deny Rhodes' motion to suppress.

[3] *See* Defendant Rosina Rhodes' Response to United States' Motion to Sever Defendants (docket number 53), ¶ 1 at 1.

a large amount of U.S. currency. It is this transaction which constitutes the basis for Count 3 of the Superseding Indictment.

## III. DISCUSSION

FEDERAL RULE OF CRIMINAL PROCEDURE 14(a) provides that if the joinder of defendants in an indictment "appears to prejudice a defendant or the government," then the court may sever the defendants' trials.[4] In this case, Rhodes argues that if the Court grants her motion to suppress, then she would be prejudiced by going to trial with Brewer because the jury would be unable to "compartmentalize" the evidence. The Government argues that a joint trial would prejudice the United States in any event because a necessary redaction of Rhodes' statements would "strip them of any evidentiary value." Brewer resists a severance of the trials.

### A. Bruton Issue

The United States argues that Rhodes' statements that she knew Brewer was a drug dealer and accompanied him on several occasions when he sold crack cocaine "is critical to establishing Rhodes's knowing participation in the charged conspiracy."[5] The Government concedes, however, that Rhodes' unredacted statements would also inculpate Brewer.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Court held that "a defendant is deprived of his rights under the Confrontation Clause when his codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Cruz v. New York*, 481 U.S. 186, 187-188 (1987).

> The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the

---

[4] The Court notes parenthetically that when citing FEDERAL RULE OF CRIMINAL PROCEDURE 14 in its brief, the Government quotes the rule as it existed prior to the 2002 Amendments to restyle the Criminal Rules.

[5] *See* Memorandum in Support of Government's Motion to Sever Defendants (docket number 48-2) at 5.

> witnesses against him." We have held that the guarantee, extended against the States by the Fourteenth Amendment, includes the right to cross-examine witnesses. (citation omitted) Where two or more defendants are tried jointly, therefore, the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination.

*Id.* at 189-190.

In this case, officers will testify that Rhodes admitted driving Brewer on several occasions when he intended to sell crack cocaine. While the statements are relevant and admissible against Rhodes on the conspiracy charge brought against her, they also incriminate Brewer. In a response to the Government's motion to sever, Rhodes' attorney states that Rhodes "has not made a decision as to whether she will testify at trial and be subjected to cross-examination," and that the decision "will likely not be finally made until after the Government rests its case."[6] Accordingly, Brewer would not have an opportunity to "confront the witnesses against him," thus violating his constitutional right to confrontation.

Some times the *Bruton* problem can be resolved by redacting the pretrial statement,[7] rather than severing the trials. In *Richardson v. Marsh*, 481 U.S. 200, 209 (1987), the Court recognized that trying defendants separately whenever an incriminating statement by one of them is sought to be used, "is not as facile or as just a remedy as might seem." In that case, the defendants were tried jointly, but the pretrial statement of the codefendant was redacted to omit all indication that anyone else participated in the crime. *Id.* at 211. In *Gray v. Maryland*, 523 U.S. 185, 197 (1998), however, the Court concluded that using a blank space in an obviously redacted confession which points directly to the codefendant

---

[6] *See* Defendant Rosina Rhodes' Response to United States' Motion to Sever Defendants (docket number 53), ¶ 1 at 1.

[7] In this case, Rhodes did not give a written statement and the interrogation was not recorded. Accordingly, the evidence will consist of the interrogating officers' recounting Rhodes' statements.

did not satisfy the protections intended by *Bruton*. Similarly, in *United States v. Payne*, 923 F.2d 595 (8th Cir. 1991), the Eighth Circuit Court of Appeals concluded that it was error to admit a codefendant's redacted confession "that he was planning to help 'someone' escape from federal custody," when the defendant was charged with conspiracy to escape from federal custody. *Id.* at 597 ("As counsel for the government admitted at oral argument, everyone at the trial knew who the 'someone' was.").

The Government argues that "no redaction of Rhodes's statement is possible without obviously implicating Brewer."[8]

> There will be at [sic] testimony at trial that Rhodes drove Brewer to several of the undercover transactions, and that she was surveilling the area where a large quantity of crack cocaine was recovered on the last attempted buy. Telling the jury Rhodes confessed that she knew "someone" was a drug dealer and she had accompanied "someone" on several crack sales will quite obviously lead the jury to infer that "someone" is in fact Brewer.
>
> Likewise, attempting to redact the statements enough to avoid the obvious implications for Brewer would strip them of any evidentiary value in the Rhodes's prosecution.

*Id.* at 6-7. Brewer argues that any *Bruton* concerns "can be easily overcome," but does not offer any suggestions in that regard.[9]

### B. Motions to Sever

Where multiple defendants are charged in the same indictment, there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice. *United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "The presumption against severing properly joined cases is strong." *Delpit v. United States*, 94 F.3d 1134,

---

[8] *See* Memorandum in Support of Government's Motion to Sever Defendants (docket number 48-2) at 6.

[9] *See* Brief in Support of Defendant's Resistance to Government's and Defendant Rhodes' Motion to Sever (docket number 58-2) at 1.

1143 (8th Cir. 1996). Moreover, codefendants charged with a conspiracy should generally be tried together because a joint trial gives "the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Joiner*, 418 F.3d 863, 868 (8th Cir. 2005) (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004)). *See also United States v. Wint*, 974 F.2d 961, 965 (8th Cir. 1992) ("Rarely, if ever, will it be improper for coconspirators to be tried together.").

In *United States v. Grullon*, 482 F. Supp. 429 (E.D. Pa. 1979), four defendants were charged with conspiracy. The government intended to place in evidence, as part of its case-in-chief, post-arrest statements made by two of the defendants. The statements incriminated the other two defendants, however, and in the government's view could not be effectively redacted. *Id.* at 430. Accordingly, the government filed a motion to sever, apparently intending to try first the two defendants who had provided statements. *Id.* ("The Government evidently wishes to try Grullon and Mejia first, and then, after they have been convicted or acquitted, be able to compel their testimony in the subsequent separate trial of Barrientos and Karasik.") Noting that a showing of "prejudice" is required for the granting of a severance, the Court considered whether this is "a legally cognizable form of prejudice." *Id.* The Court concluded that the government would be prejudiced by failing to sever the trials.

> As it is basic to such a trial that the accused can call witnesses who may exculpate them, so too it is basic that the Government can call witnesses who may inculpate them, provided that the rights of the witnesses and of the accused are not violated. In short, the Government's interest in severance seems an appropriate pursuit of a legitimate prosecutorial end.

*Id.* at 431.

Similarly, in *United States v. Marxen*, 2006 WL 474523 (W.D. Ky. 2006), the Court granted the government's motion to sever. The government planned to introduce tape-recorded statements made by each of the codefendants during interviews with law enforcement officials, which would create potential problems under *Bruton*. Finding that

6

the statements could not be effectively redacted, the Court concluded that severance of the defendants for trial was appropriate.

> Following their arrest, each Defendant gave a statement to the authorities in which he/she allegedly confessed to his/her role in a series of robberies and described in detail the role of the other defendant. The Government intends to play tape recordings of those statements in their entirety at trial. The Court has reviewed the transcripts and finds that the statements cannot be redacted in such a way as to comply with the holding in *Bruton*. Accordingly, there are only two ways to comply with the Defendants' constitutional rights: (1) exclude the statements in their entirety or (2) sever the Defendants' trial. The first approach-excluding the statements-is contrary to the overall interests of justice and is unfair to the government.

Id. *See also United States v. Rubin*, 609 F.2d 51, 65 (2d Cir. 1979) ("Although a severance at the Government's insistence is probably a rarity," it is permissible under FEDERAL RULE OF CRIMINAL PROCEDURE 14 to address Bruton concerns); and *United States v. Burns*, 432 F.3d 856, 858 (8th Cir. 2005) ("Prior to trial, the district court granted the government's motion to sever the trials of Mr. Burns and Mr. Ellerman in order to avoid a potential confrontation-clause problem based on the admission of Mr. Ellerman's post-arrest statement.").

## C. Discussion

Clearly, the Government will be prejudiced in this case if it is not permitted to offer testimony regarding Rhodes' admissions at the police station. Rhodes is charged with conspiring to distribute crack cocaine. Under questioning by officers, Rhodes admitted that she drove Brewer on several occasions for the purpose of conducting a drug transaction. Her admissions are an important part of the Government's evidence against her.

If the officers are permitted to testify regarding Rhodes' statements without redaction, however, it would violate Brewer's Sixth Amendment right to confrontation, in clear violation of *Bruton*. Accordingly, if the Defendants are tried together, it would

be necessary to edit Rhodes' statements in a manner which did not suggest to the jury that she was referring to Brewer. Under the circumstances in this case, such a redaction is not possible. If officers testified that Rhodes admitted that she knew "someone" was a drug dealer and that she had driven that person to different locations on several occasions when he sold crack cocaine, the jury would certainly know that she was referring to Brewer. Other evidence at trial will establish that Rhodes was seen with Brewer at drug deals on September 23, September 30, and October 9.

If the Defendants are tried together and Rhodes' statements are not substantially redacted, then Brewer's constitutional right to confrontation would be violated. On the other hand, if the Defendants are tried together and Rhodes' statements are substantially redacted, then they would lose any probative value, resulting in prejudice to the United States. Under these circumstances, the Court concludes that severance pursuant to FED. R. CRIM. P. 14(a) is appropriate. Therefore, the Government's motion to sever will be granted. Rhodes' conditional motion to sever will be denied as moot.

Predictably, the parties disagree regarding whether Brewer or Rhodes should be tried first. The Government requests that Rhodes be tried first, so that she may be compelled to testify later against Brewer. On the other hand, Rhodes asks that Brewer be tried first. In her brief, Rhodes suggests that "if Defendant Brewer is tried first, it is possible that he would be willing to testify at a subsequent trial of Defendant Rhodes and provide exculpatory testimony."[10]

The Constitution does not require that the trials of codefendants following severance be conducted in any particular sequence. *Hennon v. Cooper*, 109 F.3d 330, 332 (7th Cir. 1997). *See also United States v. Broussard*, 80 F.3d 1025, 1038 (5th Cir. 1996) ("it is the district court's prerogative to decide the order in which defendants will be tried"); *Mack v. Peters*, 80 F.3d 230, 235 (7th Cir. 1996) ("Severance of codefendants does not create a right to a particular trial sequence."); and *United States v. DiBernardo*, 880 F.2d 1216,

---

[10] Defendant Rosina Rhodes' Response to United States' Motion to Sever Defendants (docket number 53), ¶ 8 at 6.

1229 (11th Cir. 1989) ("there is no absolute right to be tried in a certain order; each case must be evaluated on its own facts").

Here, Rhodes argues that Brewer should be tried first since he was charged first and because the evidence against Brewer is strong, even without compelling Rhodes' testimony. The principal advantage to Rhodes in having Brewer tried first is her hope that following Brewer's trial, he may be willing to provide exculpatory testimony at Rhodes' subsequent trial. That possibility is speculative at best. The Government believes that if compelled to testify, Rhodes would incriminate Brewer. In her brief, Rhodes states that "[i]f she testifies truthfully, she would not testify in accordance with the Government's wishes and would likely be charged in a future indictment with perjury."[11] The District Court determines its own trial schedule and will determine the order in which the Defendants will be tried.

## ORDER

IT IS THEREFORE ORDERED that the Government's Motion to Sever Defendants (docket number 48) is hereby **GRANTED**. Defendants Edward Frank Brewer and Rosina Orlantha Rhodes will be tried separately. Rhodes' conditional Motion to Sever (docket number 45) is **DENIED AS MOOT**.

DATED this 7th day of January, 2009.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[11] Defendant Rosina Rhodes' Response to United States' Motion to Sever Defendants (docket number 53), ¶ 6 at 3.