# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-0067-LRR |
| vs. | |
| EDWARD FRANK BREWER, | ORDER |
| Defendant. | |

The matter before the court is the defendant's pro se motion for reversal of conviction, for new counsel, for evidentiary hearing and to confront the grand jury (docket no. 225). The defendant filed such motion on May 4, 2009. The government did not file a resistance, but the time for doing so has not passed.

To the extent that the defendant desires to file a motion for judgment of acquittal, motion for new trial or a motion to arrest judgment, they are barred by the 7 day period included in Federal Rule of Criminal Procedure 29(c)(1), Federal Rule of Criminal Procedure 33(b)(2) and Federal Rule of Criminal Procedure 34(b). Alternatively, the court thoroughly reviewed the record and finds that the defendant's claims are conclusory, inherently incredible and unsupported or contradicted by the record; none of the defendant's claims warrant relief under Federal Rule of Criminal Procedure 29, Federal Rule of Criminal Procedure 33(a) or Federal Rule of Criminal Procedure 34(a). Judgment of acquittal is not required because the evidence supports the jury's verdicts, and a new trial is not warranted because the evidence does not weigh heavily enough against the verdicts that a miscarriage of justice may have occurred. *See United States v. Howard*, 413 F.3d 861, 863-64 (8th Cir. 2005). Moreover, in an order dated February 24, 2009, the court explained to the defendant that he does not have a constitutional right to hybrid representation. The same legal analysis applies to the defendant's instant motion.

Regarding the request for new counsel, the court declines to appoint a different attorney in light of the record, which includes overwhelming evidence of the defendant's guilt. Although the court finds that appointment of new counsel is not warranted, nothing prevents the defendant from proceeding pro se. If the defendant elects to represent himself, the court will appoint Leslie E. Stokke to assist the defendant on a stand-by basis, that is, the defendant will be unable to utilize the full assistance of counsel who would present his defense. Finally, concerning the defendant's request for an evidentiary hearing and to confront the grand jury, the court concludes that holding a hearing and/or allowing the defendant to confront the grand jury are unnecessary, especially considering that a petit jury found the defendant guilty on all five counts contained in the superseding indictment. *See e.g., United States v. Sanders*, 341 F.3d 809, 818-19 (8th Cir. 2003) (indicating a guilty verdict by the petit jury normally excuses errors at the grand jury level that are connected with the charging decision).

Based on the foregoing, the defendant's pro se motion for reversal of conviction, for new counsel, for evidentiary hearing and to confront the grand jury (docket no. 225) is denied. The clerk's office is directed to send a copy of this order to the defendant.

**IT IS SO ORDERED**.

**DATED** this 5th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA