# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD FRANK BREWER, <br><br> Defendant. | No. CR08-0067-LRR <br><br> **ORDER** |

This matter is before the court pursuant to the defendant's amended motion for a new trial (docket nos. 340 & 341). The defendant filed his original motion on January 26, 2012 and his amendment to it on February 6, 2012. As directed by the court, the government filed a resistance (docket no. 348) on July 6, 2012.[1] Also before the court is the defendant's second motion to amend (docket no. 347), which he filed on July 5, 2012. The court finds that the pending motions are fully briefed and now turns to consider them.

With respect to the second motion to amend, the court concludes that allowing the defendant to continue to pursue frivolous claims is not prudent. The defendant is not entitled to new trial based on baseless speculation that nearly every one of the government's witnesses conspired against him or factual contentions that are belied by the record. The defendant misapplies Federal Rule of Criminal Procedure 33. Such rule does not allow a defendant to retry his case just because he, rather than his attorney, has had an opportunity to review the record, and it does not permit a defendant to object based on

---

[1] The court notes that it need not wait for a reply to be filed before addressing the merits of a pending motion, especially if it is highly unlikely that any reply would assist the court with its analysis.

newly formed views of the evidence. Accordingly, the defendant's second motion to amend shall be denied.

A district court may grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial may be grounded on various reasons, including newly discovered evidence. *See, e.g.*, Fed. R. Crim. P. 33(b)(1) (providing three years to file a motion for a new trial grounded on newly discovered evidence). Nonetheless, "[m]otions for a new trial based on newly discovered evidence are disfavored." *United States v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001) (citing *United States v. Jones*, 34 F.3d 596, 600 (8th Cir. 1994)); *see also United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007) (describing motion for a new trial based on newly discovered evidence as a disfavored motion); *United States v. Johnson*, 114 F.3d 808, 817 (8th Cir. 1997) (same); *United States v. Doyle*, 60 F.3d 396, 398 (8th Cir. 1995) (same); *United States v. Richards*, 967 F.2d 1189, 1196 (8th Cir. 1992) (same); *United States v. Liebo*, 923 F.2d 1308, 1313 (8th Cir. 1991) (same); *United States v. Pope*, 415 F.2d 685, 691 (8th Cir. 1969) (recognizing motions for a new trial based on newly discovered evidence are looked upon with disfavor); *Connelly v. United States*, 271 F.2d 333, 343 (8th Cir. 1959) (same). A motion for a new trial based upon allegations of newly discovered evidence will only be granted if a defendant proves "that the evidence was first discovered after trial, that his failure to discover the evidence before trial was not due to his lack of diligence, that the new evidence is material, that it is more than cumulative or impeaching, and that it is likely to produce an acquittal if a court grants a new trial." *United States v. Swayze*, 378 F.3d 834, 837 (8th Cir. 2004) (citing *Dogskin*, 265 F.3d at 685); *see also United States v. Herbst*, 666 F.3d 504, 512 (8th Cir. 2012) (listing criteria for granting a new trial based on newly discovered evidence); *United States v. Yerkes*, 345 F.3d 558, 562 (8th Cir. 2003) (same); *United States v. Duke*, 255 F.3d 656, 659 (8th Cir. 2001) (same); *United States v. Zuazo*, 243 F.3d 428, 431 (8th Cir. 2001) (same); *United States v. Dittrich*, 204 F.3d 819, 821 (8th Cir. 2000) (same); *Johnson*, 114 F.3d at 816

(same); *United States v. Willis*, 89 F.3d 1371, 1380 (8th Cir. 1996) (same); *United States v. Kern*, 12 F.3d 122, 126 (8th Cir. 1993) (same); *United States v. LaFuente*, 991 F.2d 1406, 1408 (8th Cir. 1993) (same); *United States v. Provost*, 969 F.2d 617, 620 (8th Cir. 1992) (same); *United States v. Conzemius*, 611 F.2 695, 696 (8th Cir. 1979) (same); *United States v. Carlone*, 603 F.2d 63, 66-67 (8th Cir. 1979) (same); *United States v. Cardarella*, 588 F.2d 1204, 1205 (8th Cir. 1978) (same); *United States v. Frye*, 548 F.2d 765, 769 (8th Cir. 1977) (same); *United States v. Ward*, 544 F.2d 975, 977 (8th Cir. 1976) (same); *Johnson v. United States*, 32 F.2d 127, 130 (8th Cir. 1929) (same). Generally speaking, district courts are afforded broad discretion when considering whether to grant a defendant's motion for a new trial based on newly discovered evidence. *See LaFuente*, 991 F.2d at 1408; *Provost*, 969 F.2d at 620; *Liebo*, 923 F.2d at 1313; *United States v. Begnaud*, 848 F.2d 111, 113 (8th Cir. 1988); *United States v. Massa*, 804 F.2d 1020, 1022 (8th Cir. 1986); *Ward*, 544 F.2d at 977; *United States v. Stewart*, 445 F.2d 897, 899 (8th Cir. 1971). With those well-established standards in mind, the court shall consider whether the relief requested by the defendant is warranted.

The court declines to conduct an evidentiary hearing because the record does not support the defendant's claim that a new trial is necessary. *Provost*, 969 F.2dat 619. And, with respect to the merits of the defendant's amended motion for a new trial, the court deems it appropriate to deny such motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the defendant's case. Specifically, the court finds that the government correctly concluded that the evidence was not unknown or unavailable to the defendant before or at the time of trial, the evidence is not material because it is merely cumulative or impeaching and the evidence would be unlikely to produce an acquittal, especially considering the overwhelming evidence that established the defendant sold crack, not games. The court agrees that, if it is newly discovered, the evidence does not weaken the government's strong case, which relied in part on significant eyewitness testimony.

Moreover, having thoroughly reviewed the record, the court concludes that granting a new trial under Federal Rule of Criminal Procedure 33 is not appropriate, especially considering that it is highly improbable that the evidence relied on by the defendant would have produced an acquittal in light of the strong evidence presented by the government and the defendant's preposterous testimony. It is incredibly difficult to find any merit to any of the defendant's arguments because nearly everything he says constitutes perjury or is highly suspect. Even though this court and the Eighth Circuit Court of Appeals summarily rejected his inherently incredible claims, the defendant continues to assert them. The defendant's rehashing of old arguments and current re-characterization of the evidence does nothing to undermine the fairness or validity of his convictions.

Lastly, to the extent the defendant contends the government acted inappropriately, the court concludes that the government neither failed to disclose material information nor knowingly solicited perjured testimony. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963) (holding the government's failure to disclose evidence that is both favorable to the accused and material to guilt or punishment violates due process); *United States v. West*, 612 F.3d 993, 996 (8th Cir. 2010) (laying out factors that the court must consider when a due process violation is based on the prosecution's use of false evidence, which includes false testimony); *United States v. Garcia*, 562 F.3d 947, 952-53 (8th Cir. 2009) (making clear that undisclosed information must be "material"); *United States v. Heppner*, 519 F.3d 744, 750 (8th Cir. 2008) (discussing government's affirmative duty to disclose evidence that is favorable to the defendant and evidence that is material to either guilt or punishment). On this record, the court is unable to conclude that the alleged conduct by the government impacted the jury's assessment of the defendant's guilt. *See United States v. Goodson,* 165 F.3d 610, 615 (8th Cir. 1998) (concluding that claim based on *Brady* violation failed because the unavailable evidence would have been minimally, if at all, useful and claim based on the use of false evidence failed because a reasonable likelihood that the false testimony could have affected the

jury's judgment did not exist). Accordingly, the defendant's amended motion for a new trial shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The defendant's second motion to amend (docket no. 347) is denied.

(2) The defendant's amended motion for a new trial (docket nos. 340 & 341) is denied.

**DATED** this 13th day of July, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA